JOHN WILSON, by his guar. JOHN WILSON *vs.* JACOB VANDYKE.

An infant cannot sue by *guardian*, unless a guardian has been actually appointed by the Orphans' Court.

But an infant may sue by *next friend*, and in that case the admission to sue thus ought to be averred in the narr.

A guardian need not aver a special admission to sue.

On the general issue pleaded, the appointment of plaintiff as guardian must be proved.

ACTION on the case in the nature of waste. Narr; plea not guilty.

The defendant was tenant from year to year, of land belonging to John Wilson a minor, and committed waste by cutting large quantities of wood, &c.

The case was proved; but—

*Rodney* for defendant moved a nonsuit, on the ground that there was no proof of the guardianship, and in fact there was no guardian. Unless a person be lawfully appointed guardian, he can have no authority over the minors property, nor sue as guardian for injuries to the same. I admit that a person may sue as the next friend of a minor who has no guardian, but that is not the case here, for the plaintiff has sued as guardian, and he is bound to prove the appointment. 2. It is no where averred in the narr that the plaintiff has been admitted by the court to sue for the infant, which must be done in all suits by guardian or next friend. 2 *Saund. Rep.* 117; 1 *Levinz* 224; *Dig.* 424, sec. 11, 8 *vol. Del. L.* 43.

*Rogers.* The objections, if valid, are too late; they should have been made by plea in abatement. By pleading, the defendant admits the character of the party plaintiff. Nor is it necessary either to obtain or to state a special admission by the court to the guardian to sue.

*Rodney.* The guardianship is a fact necessary to be shown by the plaintiff in the proof to entitle him to a verdict, otherwise he must fail. The defect in the narr is available at any time before judgment, and only not after, because of our act of assembly.

*By the Court.* It is not necessary for a guardian to be specially admitted to sue or defend, nor need such admission to be averred. Nor could the court admit any one to sue as guardian, who was not the guardian; though it may admit a person to *defend* as such. Where there is no guardian, the suit ought to be by next friend; in which case the special admission to sue as such ought to be averred in the narr. There are many cases where the character of the party is not put in issue by the pleadings, and in which it would be too late after plea to object to the character; but by our law no person can have authority to act as a guardian, who has not been appointed by the Orphans' Court. Now this plea of not guilty, puts in issue every thing material, and the character of the plaintiff as guardian is material; for if a recovery was had by a person not the guardian, it would be no bar to a suit by the lawful guardian.

The mode of declaring in the case of suit brought by a guardian, is A. B. by C. D., the lawfully appointed guardian of the said A. B., &c.

Judgment of nonsuit.

*Rogers* for plaintiff.
*Rodney* for defendant.